UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEWEL STEPHENS, JR.,

     Plaintiff,

v.                                                            Case No. 07-14760
                                                              Honorable Patrick J. Duggan

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.

_____/

**OPINION AND ORDER**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on February 5, 2009.

PRESENT:     THE HONORABLE PATRICK J. DUGGAN
                U.S. DISTRICT COURT JUDGE

Plaintiff applied for Social Security Disability Insurance Benefits on December 6,

2005, and Supplemental Security Income Benefits on February 7, 2006, alleging that he

became disabled on September 16, 2004, due to hypertension, headaches, and dizziness.

The Social Security Administration denied Plaintiff's request for benefits initially. Upon

Plaintiff's request, Administrative Law Judge E. Patrick Golden ("ALJ") conducted a *de*

*novo* hearing on March 15, 2007. The ALJ issued a decision on March 23, 2007, finding

Plaintiff not disabled within the meaning of the Social Security Act and therefore not

entitled to benefits. Plaintiff filed an appeal with the Appeals Council and the Appeals

1

Council vacated the ALJ's decision and remanded Plaintiff's case to the ALJ for review. After a supplemental hearing on August 23, 2007, the ALJ again concluded that Plaintiff is not disabled and therefore not entitled to benefits. The ALJ's decision became the final decision of the Social Security Commissioner ("Commissioner") when the Social Security Appeals Council denied review. Plaintiff thereafter initiated the pending action.

Both parties have filed motions for summary judgment, which this Court referred to Magistrate Judge Mona K. Majzoub. On November 26, 2008, Magistrate Judge Majzoub filed her Report and Recommendation (R&R) recommending that this Court deny Plaintiff's and the Commissioner's motions and remand Plaintiff's case to the Social Security Administration for review. Specifically, Magistrate Judge Majzoub concludes that the ALJ failed to ask the vocational expert who testified at Plaintiff's supplemental hearing a hypothetical question incorporating Plaintiff's residual functional capacity. (R&R at 15-16.)

At the conclusion of the R&R, Magistrate Judge Majzoub advises the parties that they may object and seek review of the R&R within ten days of service upon them. (R&R at 19-20.) Magistrate Judge Majzoub warns in the R&R that "[f]ailure to file specific objections constitutes a waiver of any further right of appeal." (R&R at 19, citations omitted.) Plaintiff filed objections to the R&R on December 5, 2008. The Commissioner filed objections to the R&R on December 12, 2008.

## **STANDARD OF REVIEW**

Under 42 U.S.C. Section 405(g):

2

> Any individual, after any final decision of the Commissioner
> of Social Security made after a hearing to which he was a
> party . . . may obtain a review of such decision by a civil
> action . . . The court shall have the power to enter . . . a
> judgment affirming, modifying, or reversing the decision of
> the Commissioner of Social Security, with or without
> remanding the cause for a rehearing.  The findings of the
> Commissioner of Social Security as to any fact, if supported
> by *substantial evidence*, shall be conclusive . . .

42 U.S.C. § 405(g) (emphasis added); *see Boyes v. Sec'y of Health and Human Servs.*, 46

F.3d 510, 511-12 (6th Cir. 1994).  "Substantial evidence is defined as 'such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion.'"

*Abbott v. Sullivan*, 905 F.2d 918, 922-23 (6th Cir. 1990) (quoting *Richardson v. Perales*,

402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971)).  The Commissioner's findings are not

subject to reversal because substantial evidence exists in the record to support a different

conclusion.  *Mullen v. Brown*, 800 F.2d 535, 545 (6th Cir. 1986) (citing *Baker v. Kechler*,

730 F.2d 1147, 1150 (8th Cir. 1984)).  If the Commissioner's decision is supported by

substantial evidence, a reviewing court must affirm.  *Studaway v. Sec'y of Health and

Human Servs.*, 815 F.2d 1074, 1076 (6th Cir. 1987).

The court reviews *de novo* the parts of an R&R to which a party objects.  *See* FED.

R. CIV. P.  72(b); *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001).

However, the Court "is not required to articulate all the reasons it rejects a party's

objections."  *Id*.

## <u>ANALYSIS</u>

An ALJ considering a disability claim is required to follow a five-step process to

evaluate the claim.  20 C.F.R. § 404.1520(a)(4).  If the ALJ determines that the claimant is disabled or not disabled at a step, the ALJ makes his or her decision and does not proceed further.  *Id*.  However, if the ALJ does not find that the claimant is disabled or not disabled at a step, the ALJ must proceed to the next step.  *Id*.  "The burden of proof is on the claimant through the first four steps . . . If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the [defendant]."  *Preslar v. Sec'y of Health and Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994); *see also Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987).

The ALJ's five-step sequential process is as follows:

1. At the first step, the ALJ considers whether the claimant is currently engaged in substantial gainful activity.  20 C.F.R. § 404.1520(a)(4)(i).[1]

2. At the second step, the ALJ considers whether the claimant has a severe medically determinable physical or mental impairment that meets the duration requirement of the regulations and which significantly limits the claimant's ability to do basic work activities.  20 C.F.R. §§ 404.1520(a)(4)(ii) and (c).[2]

3. At the third step, the ALJ again considers the medical severity of the claimant's impairment to determine whether the impairment meets or equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  20 C.F.R. § 404.1520(a)(4)(iii).  If the claimant's impairment meets any

---

[1]The ALJ concluded that Plaintiff had not engaged in substantial gainful activity since September 16, 2004.  (A.R. at 18.)

[2]The ALJ concluded that Plaintiff has the following severe impairments: uncontrolled hypertension with mild cardiovascular disease, obstructive sleep apnea, and obesity.  (A.R. at 18.)

Listing, he or she is determined to be disabled regardless of other factors.[3] *Id.*

4.  At the fourth step, the ALJ assesses the claimant's residual functional capacity and past relevant work to determine whether the claimant can perform his or her past relevant work.[4]  20 C.F.R. § 404.1520(a)(4)(iv).

5.  At the fifth step, the ALJ considers the claimant's residual functional capacity, age, education, and past work experience to see if he can do other work.  20 C.F.R. § 404.1420(a)(4)(v).  If there is no such work that the claimant can perform, the ALJ must find that he or she is disabled.[5]  *Id.*

As indicated previously, both parties filed objections to the R&R.  In his

---

[3]The ALJ analyzed whether Plaintiff's impairments met any of the listed impairments and determined that they did not.  *(A.R. at 19.)*

[4]The ALJ found that Plaintiff would have the residual functional capacity to:

> . . . lift 10 pounds occasionally; lift less than 10 pounds frequently; sit for at least six of eight hours in a work day; stand or walk for two . . . hours in a work day; push or pull without significant limitation; perform postural activities occasionally; perform any manipulative functions; see, hear and speak without limitation; and perform work in any environment.  Mentally . . . understand, remember and carry out simple instructions; make judgments on simple work-related decisions; interact appropriately with the public, supervisors and co-workers; respond appropriately to work pressures in a usual work setting; and respond appropriately to changes in a routine work setting.

(A.R. at 19.)  The ALJ further concluded that, based on these limitations, Plaintiff could not perform his past work as a custodian, cook, porter, and stocker.  (A.R. at 24.)

[5]The ALJ determined that considering Plaintiff's age, educational background, work experience, and residual functional capacity, there are a significant number of jobs in the national economy that Plaintiff can perform based on his exertional and non-exertional limitations.  (A.R. at 24-25.)  The ALJ therefore concluded that Plaintiff is not under a "disability" as defined in the Social Security Act.  (*Id.* at 25.)  Magistrate Judge Majzoub concludes that substantial evidence supports the ALJ's determinations through step four; however, because the magistrate judge finds that the ALJ failed to ask the vocational expert a hypothetical question incorporating Plaintiff's residual functional capacity, she concludes that substantial evidence does not support the ALJ's determination at step five.  (R&R at 15-16.)

5

objections, Plaintiff does not specifically identify how he believes Magistrate Judge

Majzoub erred in the R&R.  Instead, Plaintiff simply indicates that he objects because he

"provided all the facts & statements from 5 different [doctors] & I was still denied . . . all

my statements & facts were turned in on time from my [doctors] so [I] still don't know

[sic] what the problem is . . ."  (Doc. 20.)  The Commissioner, in comparison, argues that

Magistrate Judge Majzoub erred by concluding that the ALJ did not pose a hypothetical

question to the vocational expert that incorporated Plaintiff's limitations.  The

Commissioner argues that, while the ALJ only asked the vocational expert whether there

are significant numbers of "sedentary, unskilled jobs" available, this description

adequately reflects Plaintiff's functional capacity.

<u>Plaintiff's Objections</u>:

The Sixth Circuit Court of Appeals has held that "'a party *must* file timely

objections with the district court to avoid waiving appellate review' and that 'by

operation of this supervisory rule, only those specific objections to the magistrate's report

made to the district court will be preserved for appellate review; making some objections

but failing to raise others will not preserve all the objections a party may have.'" *Willis v.

Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991) (quoting *Smith v. Detroit Fed'n of Teachers

Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).  The Sixth Circuit has further advised

that "[o]verly general objections do not satisfy the objection requirement."  *Spencer v.

Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006) (citations omitted).  "'The objections must

be clear enough to enable the district court to discern those issues that are dispositive and

contentious.'" *Id.* (quoting *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)). Thus, where a party files "only a cursory, general objection in which no issues, findings, or conclusions [are] identified," the Sixth Circuit has held that the party is not entitled to review. *See Roach v. Chater*, No. 96-5780, 1997 WL 330649, at *2 (6th Cir. June 16, 1997) (unpublished opinion).

Plaintiff fails to identify any specific fact, issue, or conclusion in the R&R that he believes this Court must review. His cursory, general objections do not satisfy the objection requirement. Thus this Court rejects his objections.

<u>Commissioner's Objections</u>:

The Commissioner objects to the R&R, contending that Magistrate Judge Majzoub erred in concluding that the hypothetical question posed by the ALJ to the vocational expert failed to incorporate Plaintiff's residual functional capacity. This Court agrees with the Commissioner that the ALJ's hypothetical question "accurately portray[ed] [Plaintiff's] individual physical and mental impairments," *see Varley v. Sec'y of Health and Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987), and that, therefore, the vocational expert's answer provided substantial evidence that there is work available in the economy that Plaintiff can perform. *Id.*

The Social Security Regulations define "[u]nskilled work" as "work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time." 20 C.F.R. §§ 404.1568(a), 416.968(a). At the fourth step, the ALJ found that Plaintiff was limited to work requiring "simple instructions" and "simple work-related

decisions." (R&R at 19.) The Court believes that the ALJ's use of the term "unskilled

work" in his hypothetical question to the vocational expert adequately incorporated these

limitations.

The Social Security Regulations define "sedentary work" as follows:

> Sedentary work involves lifting no more than 10 pounds at a
> time and occasionally lifting or carrying articles like docket
> files, ledgers, and small tools. Although a sedentary job is
> defined as one which involves sitting, a certain amount of
> walking and standing is often necessary in carrying out job
> duties. Jobs are sedentary if walking and standing are
> required occasionally and other sedentary criteria are met.

20 C.F.R. §§ 404.1567(a), 416.967(a). The Sixth Circuit has noted that walking and

standing "occasionally" means "up to one-third of the time and no more than a total of 2

hours out of an 8 hour workday." *Urban v. Chater*, No. 97-3885, 1999 WL 97251, at *5

n.4 (6th Cir. Feb. 8, 1999) (unpublished opinion). The ALJ's use of the term "sedentary

work" in the hypothetical question posed to the vocational expert therefore adequately

incorporated the ALJ's finding at step four that Plaintiff was limited from lifting 10

pounds more than occasionally and that he could lift 10 pounds frequently, sit for at least

six of eight hours, and stand or walk for two of eight hours.

As the Court agrees with the Commissioner that the ALJ posed an adequate

hypothetical question to the vocational expert, it finds no reason to remand Plaintiff's

case to the Social Security Administration. As the Court also finds substantial evidence

in the record to support the ALJ's remaining findings, it upholds the ALJ's conclusion

that Plaintiff is not disabled, as defined by the Social Security Act.

8

## Summary

The Court concludes that there was substantial evidence in the record to support the ALJ's decision.  The Court therefore affirms the decision of the Commissioner, finding that Plaintiff is not disabled within the meaning of the Social Security Act.

Accordingly,

**IT IS ORDERED**, that the Court rejects Magistrate Judge Majzoub's Report and Recommendation to the extent it finds that the ALJ erred at step five and recommends a remand to the Commissioner;

**IT IS FURTHER ORDERED**, that Plaintiff's motion for summary judgment is **DENIED**; and

**IT IS FURTHER ORDERED**, that Defendant's motion for summary judgment is **GRANTED**.

s/PATRICK J. DUGGAN

UNITED STATES DISTRICT JUDGE

Copies to:

Jewel Stephens, Jr.

1627 Prairie Dr.

Pontiac, MI 48340

AUSA Steven Cares

Magistrate Judge Mona K. Majzoub